# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JAMES C. KECK and
LAURIE A. KECK,

   Debtors.

Case No. 08-11556-RGM
(Chapter 7)

### MEMORANDUM OPINION AND ORDER

  THIS CASE is before the court on the proposed reaffirmation agreement by and between the debtors and JPMorgan Chase Bank, N.A. (Docket Entry 19). The debtors are represented by counsel. Although counsel for the debtors signed Part C, "Certification by Debtor's Attorney (If Any)," he did not check the box in Part C indicating that the presumption of undue hardship applies and that, in his opinion, the debtor is able to make the required payment. The presumption of undue hardship arises in this case, but court review is not required until counsel checks the box set forth in Part C.

  Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. Section 524(c)(2) requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain Part C, "Certification by Debtor's Attorney." 11 U.S.C. §524(k)(5). Part C actually contains two matters, a certification and an opinion. The certification under 11 U.S.C. §524(k)(5)(A) is applicable in all cases. In this case, counsel signed Part C and made the certification in the first part of Part C.

  The opinion under 11 U.S.C. §524(k)(5)(B) is applicable only if a presumption of undue

1

hardship arises. The presumption of undue hardship arises as provided in §524(m)(1), which states:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

11 U.S.C. §524(m)(1). The debtors provided the income and expense figures in Part D, which show that the presumption of undue hardship arises in this case. Accordingly, counsel is required to issue the opinion required by §524(k)(5)(B) and tracked by the checkbox on Part C.

Since §524(k)(5) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

For the foregoing reasons, it is,

ORDERED that the reaffirmation agreement is not effective.

Dated: _____
        Alexandria, Virginia

                                              _____
                                              Robert G. Mayer
                                              United States Bankruptcy Judge

Copy electronically to:

Ronald J. Aiani

Copy mailed to:

Katty Tran, BK Specialist
JP Morgan Chase Bank, N.A.
8333 Ridgepoint Drive
Irving, Texas 75063

14457